Harry J. Juliano v. Commissioner.
Juliano v. Commissioner
Docket No. 94833.
United States Tax Court
T.C. Memo 1963-99; 1963 Tax Ct. Memo LEXIS 246; 22 T.C.M. (CCH) 467; T.C.M. (RIA) 63099; April 4, 1963
William F. Baldwin, Esq., 1020 Norton Bldg., Seattle, Wash., for the petitioner. Walter J. Howard, Jr., Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax against petitioner in the amount of $503.02 for 1958, based upon his disallowance of exemptions for each of petitioner's four children. The parties have filed a stipulation of facts which is incorporated herein as part of our findings. Petitioner lived as a single man in 1958, having been divorced from his former wife in 1957. The spouses had four children who were between 5 and 14 years of age. They lived with their mother. The divorce decree provided: IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant shall pay unto plaintiff the sum of $30.00 per month for *247 each of the minor children of the parties hereto, which sum shall be payable into the registry of this court. In addition to the amounts required of him by these provisions, petitioner made further expenditures in 1958 on his children's behalf by using his automobile for purposes of their entertainment, paying for meals for them at restaurants (in the aggregate amount of some $219), and spending some minor amounts for toys. The youngest, Billy, was the chief beneficiary of such additional expenditures. Petitioner contends that he furnished more than one-half of the support for each child, and that in any event the payments made by him under the divorce decree are deductible as alimony, presumably under Sections 215 and 71 of the Internal Revenue Code of 1954. The claim to deduction for alimony may be summarily dismissed. The payments called for by the divorce decree were specifically allocated for the benefit of the minor children, and no portion thereof was to be paid out for the former wife's benefit. Such payments are not deductible as alimony. Cf. Commissioner v. Lester, 366 U.S. 299. As to support in relation to the exemptions issue, *248 we heard testimony from both spouses. The former wife testified in detail as to expenditures allocable at least in part to the children for real estate taxes, fuel, water, electricity, automobile, groceries, "baby sitter", books, tuition, music lessons, gifts, allowances, medical and dental care, health insurance, as well as to the rental value of the property owned by her (but subject to a lien in petitioner's favor) and occupied by her and the children. Upon the basis of the entire record we hold that petitioner has failed to carry his burden of proof in respect of the three older children. The issue in respect of the youngest child, Billy, is close, but we are reasonably satisfied that petitioner did furnish more than one-half of the support for Billy in 1958 and we so find as a fact. Decision will be entered under Rule 50.